### HODGES v. FRIEDHEIM.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

1. ACTION FOR WORK AND LABOR—PLEADING.

In an action to recover for work, labor, and services, allegations of the complaint that the contract was made with one of the defendants, and that the work thereunder proceeded with the knowledge and consent of the other defendant, who had in the meantime become a partner of the first, and with the knowledge and consent of their firm, set up no cause of action as against the second defendant.

2. APPEAL—AMENDMENT OF COMPLAINT—PLEADING AND PROOF.

Upon an appeal from a judgment dismissing a complaint, the appellate division of the supreme court cannot conform the complaint to one of several possible views of the evidence, for the purpose of reversing a judgment which, secundum allegata et probata, was entirely correct.

Appeal from special term.

Action by Arthur A. Hodges against Leopold Friedheim and others. From a judgment dismissing the complaint as against Friedheim, plaintiff appeals. Affirmed.

49 N.Y.S.—34

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, IN-GRAHAM, and McLAUGHLIN, JJ.

Henry Tompkins, for appellant.
David Salomon, for respondent.

BARRETT, J.   This action, as originally brought, was for the foreclosure of a mechanic's lien upon a leasehold interest in certain real property described in the complaint.   The plaintiff is the assignee of one Rafalsky, who entered into a written agreement with the defendant Stein, for the interior decoration of a restaurant in the building erected upon the land in question.   At the time when the agreement was made Stein was sole lessee of the premises.   He subsequently entered into a partnership with the defendant Friedheim for the purpose of conducting the restaurant, and thereupon he assigned to Friedheim a half interest in the lease.   At the commencement of the trial, the plaintiff abandoned his attempt to foreclose, and waived his mechanic's lien.   He thereupon asked for personal judgment against both Stein and Friedheim.   He also moved to amend his complaint by demanding this personal judgment, and his motion was granted.   The trial then proceeded, and it resulted in a judgment against Stein, but in favor of Friedheim.   From the latter judgment, the plaintiff appeals.

He contends that Friedheim's liability was clearly established by the evidence adduced upon the trial.   But the difficulty is that no cause of action is alleged as against this particular defendant.   The only allegation made against him is that, after he became Stein's partner and the owner of a half interest in the lease, the decoration of the restaurant, pursuant to the contract with Stein, proceeded, with his knowledge and consent, and with the knowledge and consent of the firm.   We must assume that the proofs were given solely in support of this averment.   Conceding that these proofs sustained the allegation, still the judgment of dismissal was right, for, clearly, neither Friedheim nor the firm of Stein & Friedheim could be held merely because the work was done with his or their knowledge and consent, under a contract with Stein.

We cannot, upon this appeal, amend the complaint in essential particulars, for the purpose of fitting it to the facts which the plaintiff deems to have been established.   Indeed, were it proper in any case to amend a complaint on appeal in a vital particular for the purpose of reversing a judgment, it would here be difficult accurately to conform this complaint to the proofs adduced upon the trial. These proofs might well be adapted to a variety of allegations.   It is impossible, for instance, to say whether, in addition to the written contract with Stein, the plaintiff sought to establish a parol contract with Friedheim or with the firm, or whether he aimed at a novation, or an assumption by the firm of Stein's obligation.   He should have definitely taken his position on these heads, and his complaint should have been formulated accordingly.   His evidence would then have been adapted to his allegations, and the court would have been in a position to determine whether the particular obligation of Fried-

heim, upon which he rested his case as against that defendant, had been made out. We cannot upon this appeal grope through the case, and adapt the evidence to whatever obligation on Friedheim's part it may possibly support. In other words, we cannot conform the complaint to one of several views of the evidence, for the purpose of reversing a judgment which, secundum allegata et probata, was entirely correct.

The judgment should be affirmed, with costs. All concur.